UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Angela Fuenffinger,<br><br>                           Plaintiff,<br><br>vs.<br><br>Ecigcharleston, LLC,<br><br>                           Defendant. | Civil Action No. 2:21-1367-BHH<br><br>**OPINION AND ORDER** |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Molly H. Cherry on August 31, 2021 ("Report"). (ECF No. 18.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this case was referred to Magistrate Judge Cherry for pretrial handling. In her Report, the Magistrate Judge recommends that Defendant Ecigcharleston, LLC's ("Defendant") motion to dismiss be granted in part and denied in part. (*See id.* at 15.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

The Magistrate Judge entered her Report on August 31, 2021, recommending that Defendant's motion to dismiss be granted as to Plaintiff Angela Fuenffinger's ("Plaintiff") First and Second Causes of Action for religious and race disparate treatment, as well as any hostile work environment claim based upon religion, and that those claims be

---

[1] As always, the Court says only what is necessary to address Defendant's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

1

dismissed without prejudice. (*Id.*) The Report further recommends that the motion to dismiss Plaintiff's Fourth Cause of Action under Title VII for a hostile work environment based upon race and sex and for failure to exhaust her administrative remedies should be denied. (*Id.*) On September 14, 2021, Defendant filed objections challenging various portions of the Report. (ECF No. 20.) On September 28, 2021, Plaintiff filed a conclusory, two-paragraph reply to Defendant's objections requesting that the Court deny the motion to dismiss. (ECF No. 21.) The matter is ripe for consideration and the Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Court will confine its analysis to those portions of the Report to which Defendant raises a specific objection. Accordingly, having carefully reviewed all other

2

portions of the Report in light of the record and finding no error therein, the Court adopts all findings and recommendations of the Magistrate Judge to which there has been no specific objection.

### A. Subject Matter Jurisdiction Over Claims of Discrimination Occurring Prior to December 2019

Defendant first objects to the Report by asserting that the Magistrate Judge erred in concluding that the Court possesses subject matter jurisdiction over any claim of discrimination occurring prior to December 1, 2019. (ECF No. 20 at 3–4.) The basis for this objection is that the allegations in the administrative charge only extended to acts occurring on or after December 1, 2019, and Defendant argues that to permit subject matter jurisdiction over conduct occurring before that date would improperly allow procedurally barred claims. (*Id.*)

The Court finds that Magistrate Judge Cherry correctly concluded that the Court has subject matter jurisdiction over allegations of discrimination in the Amended Complaint beginning in October 2019. (*See* ECF No. 18 at 5–7.) Although the administrative charge asserts that the discrimination began on December 1, 2019, minor deviations in the date range of relevant conduct from the administrative charge to the Amended Complaint do not foreclose the Court's jurisdiction or demonstrate that Plaintiff failed to exhaust her administrative remedies. The Fourth Circuit has stated that "plaintiffs may bring Title VII claims for the first time before a district court, so long as they are like or reasonably related to charges in the original administrative complaint, and if they reasonably could have developed from the agency's investigation of the original complaint." *Stewart v. Iancu*, 912 F.3d 693, 706 (4th Cir. 2019) (citations omitted). A two-month variation in the alleged start date of the putative discrimination at issue could have

reasonably developed from the administrative investigation of Plaintiff's charge. *See id.* The objection fails to show any error in the Magistrate Judge's findings or conclusions regarding subject matter jurisdiction and administrative exhaustion; it is therefore overruled.

### B. Sex-Based Discrimination

Defendant next objects to Magistrate Judge Cherry's finding that Plaintiff has asserted a cause of action for hostile work environment based on sex and argues that it was error to find that Plaintiff has sufficiently plead such a claim. (ECF No. 20 at 4–5.)

Plaintiff's administrative charge alleged that she was discriminated against based on her race, color, sex, religion, and retaliation. (ECF No. 14-1.) The Amended Complaint states: "A charge of employment discrimination on [sic] basis of race, color, religious discrimination, and retaliation was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ('EEOC')." (ECF No. 11 ¶ 2.a.) The hostile work environment claim makes no specific reference to sex discrimination. (*Id.* ¶¶ 52–57.) The statement of facts alleges in general terms that Plaintiff's co-worker made "negative comments about homosexuals" and "homophobic comments about Plaintiff" such as "I can't believe you are bisexual." (*Id.* ¶¶ 12–15.) The Magistrate Judge noted the lack of clarity regarding Plaintiff's pleading theories in the Report:

> As Defendant notes in its Motion, "it is unclear from Plaintiff's Amended Complaint whether the Plaintiff bases her claim on religious discrimination, racial discrimination, sexual orientation discrimination, or some combination thereof." ECF No. 14 at 7 (further arguing that "[r]egardless of the motivating factor forming the basis of Plaintiff's hostile work environment claim, Plaintiff has failed to allege sufficient facts to plausibly support it"). In her EEOC Charge, Plaintiff alleged discrimination based on her race, religion, and sex. ECF No. 14-1. Although Plaintiff alleges in her Amended Complaint that she is bisexual and that Jayme made offensive and "homophobic" comments regarding Plaintiff's sexuality, *Plaintiff's enumerated causes of action focus*

> *on religion and race and do not mention sex. Similarly, at the beginning of her Amended Complaint, Plaintiff omits sex from her list of the protected classes that she raised before the EEOC.* ECF No. 11 at 1 ¶ 2a ("A charge of employment discrimination on [the] basis of race, color, religious discrimination, and retaliation was filed by the Plaintiff with the [EEOC]."). However, for purposes of the Motion to Dismiss, viewing the Amended Complaint in its entirety, the undersigned finds that Plaintiff has alleged sufficient facts to allege unwanted conduct based on both race and sex. As stated in the discussion of the claim for religious disparate treatment, however, Plaintiff does not make any factual allegations related to her own beliefs, such that the undersigned finds that she has not alleged a hostile work environment claim based on religion.

(ECF No. 18 at 12 n.7 (emphasis added).)

The Court agrees with Defendant that the Amended Complaint does not actually state a claim for sex-based discrimination, and the objection is sustained. Where the well-pleaded facts do not permit a court to infer more than the mere *possibility* of misconduct, then the complaint has alleged, but has not "shown" that the pleader is entitled to relief, as required by Rule 8. *Francis v. Giacomelli*, 588 F. 3d 186, 193 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). While the Court truly appreciates the Magistrate Judge's generous view of Plaintiff's sloppy pleading, the Court declines to infer into the Amended Complaint theories of liability that are only hinted at or impartially formed. Accordingly, the Report is hereby modified to grant the motion to dismiss as to any sex discrimination theory that was purportedly part of the hostile work environment claim. However, the Court notes that the Fourth Cause of Action survives because, as explained below, Plaintiff adequately pleaded a hostile work environment claim based on race.

**C. Title VII Claim for Hostile Work Environment**

Defendant next objects to the Magistrate Judge's finding that Plaintiff sufficiently pleaded a hostile work environment based on race discrimination. (ECF No. 20 at 5–8.)

5

Defendant contends that the conduct complained of was not objectively severe (*id.* at 6–7) and that the conduct complained of was not imputable to the Defendant (*id.* at 7–8).

The Court disagrees and finds that Magistrate Judge Cherry correctly concluded that Plaintiff's Amended Complaint states a viable claim for hostile work environment based on race. The Amended Complaint alleges that Plaintiff's co-worker made repeated harassing comments and remarks to Plaintiff, to patrons, and to other workers about Plaintiff's interracial dating relationship, including "it is sinful to be in an interracial relationship." (ECF No. 11 ¶¶ 13, 15.) These allegations are sufficient to state a claim of unwelcome conduct based on a protected characteristic—namely, race. *See Murrell v. Ocean Mecca Motel, Inc.*, 262 F.3d 253, 258 (4th Cir. 2001) ("It is well settled that a claim of discrimination based on an interracial relationship or association is cognizable under Section 1981.")[2]

As to whether the alleged conduct was objectively severe, the Amended Complaint asserts that Plaintiff's co-worker made these type of comments "constantly" and "every time they worked together," that the comments were made not only to Plaintiff personally, but to customers and coworkers as well, that the conduct worsened after Plaintiff complained to her supervisor, and that Plaintiff suffered mental anguish, humiliation, damage to her reputation, and loss of income as a result of the conduct. (ECF No. 11 ¶¶ 12–13, 15, 57.) These allegations are sufficient to conclude, under Rule 12(b)(6) review, that a reasonable person could perceive the environment to be abusive or hostile. *See Okoli v. City of Balt.*, 648 F.3d 216, 222 (4th Cir. 2011) (stating that in evaluating this

---

[2] "[T]he standards applicable to lawsuits under § 1981 are basically the same as the standards applicable to lawsuits under Title VII, with the same caselaw being used to evaluate a claim under either statute." *El-Reedy v. Abacus Tech. Corp.*, 273 F. Supp. 3d 596, 604 (D.S.C. 2017).

element, a court is to consider "the totality of the circumstances including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance" (citations and quotation marks omitted)); *cf. Autrey v. Maryland*, No. CV GLR-14-3064, 2016 WL 362502, at *4 (D. Md. Jan. 29, 2016) (denying motion to dismiss hostile work environment claim where complaint alleged that plaintiffs were harassed based on their interracial relationship and their supervisors commented that "their relationship was disgusting and sickening").

As to whether the discriminatory conduct can be imputed to Defendant, because the individual that made the harassing comments had no supervisory power over Plaintiff, the Magistrate Judge correctly concluded that Defendant is responsible for that conduct only if it knew or should have known about the harassment and failed to stop or prevent it. (*See* ECF No. 18 at 14.) Defendant argues that Plaintiff's factual allegations "offer scant details," "make[] no indication as to the duration of time between the first instance of harassment and Plaintiff's single report of the harassment to Defendant," and are unclear as to the "duration of time between Plaintiff's report of the harassment and her termination." (ECF No. 20 at 7.) Defendant further argues that "Plaintiff has not plausibly established that Defendant failed to take effective action to stop [the harassment]." (*Id.* at 7–8.) However, the Court finds that Plaintiff's allegations adequately support the fourth element of a hostile work environment claim for purposes of a motion to dismiss because the Amended Complaint avers: (1) Plaintiff reported the coworker's repeated and continuous harassment to her supervisor; (2) the supervisor failed to take any action to address Plaintiff's complaint; (3) thereafter, the coworker's harassing conduct worsened;

7

and (4) after the first complaint with no action taken, Plaintiff again complained that the comments were being made in front of customers in addition to being made directly to her. (*See* ECF No. 11 ¶¶ 14–16.)

Defendant has not shown any error in the Magistrate Judge's reasoning or conclusions regarding the hostile work environment claim premised on race discrimination, and the objection is overruled.

### D. Defendant's Arguments that Plaintiff Purportedly Conceded

Finally, Defendant objects by arguing that Magistrate Judge Cherry "erred by not addressing Defendant's arguments that the Plaintiff conceded." (ECF No. 20 at 9–10.) In this category, Defendant repeats its assertion that Plaintiff has not plausibly established that Defendant failed to take effective action to stop Plaintiff's harassment, and repeats its contention the two-month discrepancy between the first instance of harassment alleged in Plaintiff's administrative charge and the Amended Complaint constitutes an impermissible extension of the Court's subject matter jurisdiction; Defendant asserts that Plaintiff conceded these points in her response to the motion to dismiss. (*See id.*) Suffice it to say, the objection does not reveal any specific error in the Magistrate Judge's reasoning or conclusions. It is, therefore, overruled.

### CONCLUSION

After careful consideration of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 18) of the Magistrate Judge to the degree not otherwise indicated, and MODIFIES the Report to find that Plaintiff failed to state a claim for hostile work environment based on sex discrimination. Accordingly, Defendant's motion to dismiss (ECF No. 14) Plaintiff's First and Second Causes of Action,

as well as any hostile work environment claim based upon religion or sex discrimination is GRANTED, and the motion to dismiss Plaintiff's Fourth Cause of Action for hostile work environment based on race and for failure to exhaust her administrative remedies is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 30, 2022
Charleston, South Carolina

9